IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ARTHUR LOWE #669750 | § | |
| v. | § | CIVIL ACTION NO. 6:11cv108 |
| KIMBERLY DOLLISON | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Arthur Lowe, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Lowe complained that Officer Dollison deprived him of food over a period of approximately 50 hours, between October 23 and October 26, 20111, apparently in retaliation for his having requested a Diet for Health meal. An evidentiary hearing has been conducted and Officer Dollison has been ordered to answer the lawsuit, and has done so.

The Magistrate Judge noted that Lowe had previously filed the following lawsuits: Lowe v. Harrald, et al., civil action no. 4:94cv48 (S.D.Tex., dismissed as frivolous March 22, 1994, no appeal taken); Lowe v. Richarson, civil action no. 6:10cv310 (E.D.Tex., dismissed as frivolous September 3, 2010, appeal dismissed as frivolous April 22, 2011); and Lowe v. Davenport, civil action no. 6:10cv176 (dismissed as frivolous September 8, 2010, appeal dismissed as frivolous October 3, 2011). The present lawsuit was signed by Lowe on March 4, 2011, which is after all three of the district court dismissals, but before the appeals of the dismissals in Richarson and Davenport were themselves dismissed as frivolous.

1

After this review of Lowe's litigation history, the Magistrate Judge issued a Report on November 3, 2011, recommending that the lawsuit be dismissed as barred by the "three strikes" provision of 28 U.S.C. §1915(g). The Magistrate Judge, citing Parker v. Dickens, civil action no. 9:09cv110, 2010 WL 2640381, *Report adopted at* 2010 WL 2640377 (E.D.Tex., June 30, 2010, appeal dismissed), concluded that when Lowe's appeals in the Davenport and Richarson cases were dismissed as frivolous, the strikes imposed by the district court dismissals became effective as of the date of the district court dismissal, rather than the date of the dismissal of the appeal. Thus, at the time that Lowe filed the present lawsuit, he had accumulated three strikes, through the district court dismissals in Davenport, Richarson, and Harrald. These strikes may have been stayed while the Davenport and Richarson cases were on appeal, but once these appeals were dismissed as frivolous, the district court strikes became effective as of the date that they were imposed. As noted above, all three of these strikes were imposed prior to the signing of the present lawsuit.

Because Lowe had three strikes when he filed the present lawsuit, the Magistrate Judge said, he cannot proceed *in forma pauperis*, but must pay the full filing fee or show that he is in imminent danger of serious physical injury as of the date of the filing of the lawsuit. Lowe did neither of these, and so the Magistrate Judge recommended that the lawsuit be dismissed.

Lowe filed objections to the Magistrate Judge's Report on November 14, 2011. In his objections, Lowe correctly notes that the date of the dismissal by the Fifth Circuit of his appeal in Davenport was October 3, 2011, rather than October 27, 2011, as stated by the Magistrate Judge.[1]

Lowe complains that the Defendant Kimberly Dollison was supposed to answer his lawsuit by June 3, 2011, but did not answer until June 22. He notes that he has filed a motion for default judgment concerning this untimely answer.

---

[1] October 27 was the date that the district court received notification of the Fifth Circuit's action. The copy of the order received by the district court shows that it was filed in the Fifth Circuit on October 3, 2011.

Turning to his litigation history, Lowe states that the judgment in Davenport has not become final because it was rendered on October 3, 2011, and he is preparing to file a petition for writ of certiorari with the U.S. Supreme Court. Because Lowe had 90 days from the date of the Fifth Circuit's decision, his petition for certiorari was due on January 3, 2012. Neither the on-line dockets of the U.S. Supreme Court nor the Fifth Circuit contain any indication that Lowe has filed a petition for writ of certiorari, and Lowe offers nothing to show that he has in fact filed a certiorari petition with the Supreme Court. Hence, even assuming that the time for filing a certiorari petition sets off the date of finality of Lowe's appeal, this time has now expired, rendering the strikes imposed by the district court's decision and the Fifth Circuit's decision final.

Lowe next argues that according to the Fifth Circuit's decision in Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996), a district court's dismissal of a lawsuit as frivolous could count as a strike, "but our affirmance, standing alone, does not." This is correct; an affirmance of a district court dismissal as frivolous does not itself count as a strike. In the present case, however, the dismissal of Lowe's district court cases were not merely affirmed by the Fifth Circuit; rather, the appellate court dismissed Lowe's appeals *as frivolous.* As the Fifth Circuit explained, "both the frivolous appeal and a lower court's dismissal as frivolous count [as strikes]." Adepegba, 103 F.3d at 388. Lowe's objection on this point is without merit.

Next, Lowe argues that Harrald was not dismissed as frivolous, pointing out that it was dismissed without prejudice. In that case, Lowe complained that he was defamed, in that false information about him was given by a police officer to the Houston Chronicle. The district court noted that a defamation claim did not involve the deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States and concluded that "this action will be dismissed without prejudice under 28 U.S.C. §1915(d)." This statute read as follows:

> The court may request an attorney to represent any such person [i.e. one proceeding *in forma pauperis*] unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

Lowe does not allege, and the record does not show, that Harrald was dismissed because his allegation of poverty was untrue; rather, it is clear from the court's opinion that the case was dismissed as frivolous or malicious, as the defamation claim did not set out a valid claim under the Constitution or laws of the United States. *See* Cook v. Houston Post, 616 F.2d 791, 794 (5th Cir. 1980).

The Fifth Circuit has held that a dismissal without prejudice may count as a strike for purposes of Section 1915(g). Lyle v. Anderson, 77 Fed.Appx. 734. 2003 WL 22319471 (5th Cir., October 10, 2003), *citing* Patton v. Jefferson Correctional Center, 136 F.3d 458. 462-64 (5th Cir. 1998). Thus, the fact that Harrald was dismissed without prejudice does not prevent it from being counted as a strike. This objection is without merit.

In addition, Lowe notes that Harrald was decided prior to the enactment of the Prison Litigation Reform Act. However, this fact also does not prevent the dismissal from being counted as a strike. Adepegba, 103 F.3d at 388 n.3 (stating that "we dismissed as frivolous two other Adepegba appeals before the effective date of the PLRA, which would also count under the statute." *See also* Simpson v. Cockrell, civil action no. 7:04cv192, 2004 WL 2896512 (N.D.Tex., December 1, 2004, no appeal taken) (citing Adepegba to hold that "cases dismissed as frivolous prior to the enactment of the Prison Litigation Reform Act may be counted as strikes under §1915(g);" Hicks v. Benson, civil action no. 3:10cv97, 2010 WL 1051163 (N.D.Tex., March 19, 2010, no appeal taken) (same). Lowe's objection on this point is without merit.

Lowe's contention that Dollison was in default also shows no basis upon which to set aside the Report of the Magistrate Judge. Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme circumstances. Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n, 874 F.3d 274, 276 (5th Cir. 1989). Consequently, a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default. Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996). The Fifth Circuit has stated that "federal courts generally disfavor default judgments, preferring to resolve disputes according to their merits."

Lindsey v. Prive Corp., 161 F.3d 886, 892 (5th Cir. 1998). The granting or denying of a default judgment is committed to the sound discretion of the district court. Mason v. Lister, 562 F.2d 343 (5th Cir. 1977). Lowe offers nothing to show that denying his request for a default judgment because Dollison's answer was three weeks late would amount to an abuse of discretion. This objection is without merit.

Finally, Lowe argues that he filed a "notice to withhold consent," requesting that all further proceedings in the case be conducted by the district judge and not the magistrate judge. Nonetheless, Lowe says, the magistrate judge has been conducting further proceedings in his case, which he says is an "abuse of discretion."

The case has been referred to the Magistrate Judge for the hearing of pre-trial matters and to submit recommendations for the disposition of prisoner petitions challenging the conditions of confinement or for motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss for failure to state a claim upon which relief may be granted, or to involuntarily dismiss an action, as set out in 28 U.S.C. §636(b). No consent is required for a referral under 28 U.S.C. §636(b), and litigants may not withhold consent to a referral under this provision. Newsome v. EEOC, 301 F.3d 227, 230 (5th Cir. 2002). The §636(c) consent, if elected by the parties, is consent to allow the Magistrate Judge to preside over the case to its conclusion and enter final judgment. No such consent has been given here, and the authority to enter final judgment in the case remains with the undersigned United States District Judge. Lowe fails to show that the Magistrate Judge has acted outside of the bounds of his authority under the §636(b) referral. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

5

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's *in forma pauperis* status is hereby REVOKED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $350.00 filing fee. It is further

ORDERED that should the Plaintiff pay the full filing fee within 30 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 18th day of January, 2012.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**