IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ARTHUR LOWE | § | |
| v. | § | CIVIL ACTION NO. 6:11cv108 |
| KIMBERLY DOLLISON, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

The Plaintiff Arthur Lowe, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Lowe complained that Officer Kimberly Dollison deprived him of food over a period of approximately 50 hours, between October 23 and October 26, 2011, apparently in retaliation for his having requested a Diet for Health meal.

After reviewing the pleadings and records, the Magistrate Judge issued a Report on November 3, 2011, recommending that the lawsuit be dismissed because Lowe had previously filed at least three lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief could be granted. In the present case, Lowe did not pay the filing fee or show that he was in imminent danger of serious physical injury as of the time of the filing of the complaint.

The Magistrate Judge noted that of Lowe's three previous frivolous lawsuits, two were still on appeal at the time that he filed the present case. This served to stay the imposition of the strikes.

1

However, both of those pending appeals were later dismissed *as frivolous*. The Magistrate Judge explained as follows:

> At the time that the present lawsuit was filed, Lowe had previously filed three other lawsuits, Harrald, Richarson, and Davenport. All three of these cases had been dismissed as frivolous, but two of them, Richarson and Davenport, were on appeal, so the strikes were stayed. Both of these appeals have now been dismissed as frivolous, and so those strikes were not "nullified" or "lifted," as they could have been under Adepegba[1] had the district court's decision been reversed; instead, these strikes related back to and became effective on the date of the district court's determinations of frivolousness, which were before he filed the present lawsuit.

The Magistrate Judge noted that a contrary holding, to the effect that the district court's dismissal of Harrald and Davenport did not count as strikes because Lowe's appeals were pending at the time he filed the present case, even though these appeals were later dismissed as frivolous, would mean that Lowe would have used frivolous appeals to shield himself from the consequences of filing frivolous lawsuits. The Magistrate Judge concluded that such a result would run counter to the public policy underlying the enactment of 28 U.S.C. §1915(g).

Lowe filed objections to the Report of the Magistrate Judge, arguing that his motion for default judgment against Dollison should have been granted, his appeal in Davenport is not final because he is preparing a certiorari petition with the U.S. Supreme Court, the Harrald case was not dismissed as frivolous, and Harrald should not count as a strike because it was dismissed without prejudice and was dismissed prior to the enactment of the Prison Litigation Reform Act, including 28 U.S.C. §1915(g). On January 18, 2012, Lowe's objections were overruled and his lawsuit was dismissed. The district court, after reviewing Lowe's objections *de novo,* determined that Lowe had not sought certiorari although the time for doing so expired on January 3, 2012, Harrald was dismissed as frivolous under the frivolousness statute which existed at the time the case was dismissed, which statute was cited in the opinion dismissing the case, the fact that Harrald was

---

[1] In Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1999), the Fifth Circuit held that the reversal of a frivolousness dismissal nullifies a strike, thus indicating that when the district court dismisses a case as frivolous, the prisoner accused a strike, although this strike may later be nullified or lifted.

2

dismissed without prejudice, prior to the enactment of the Prison Litigation Reform Act did not preclude its being counted as a strike, and Lowe showed no basis for the granting of a default judgment against Dollison when his own case was barred by Section 1915(g). The district court also rejected a contention that Lowe had not consented to proceed before the Magistrate Judge, noting that no consent order under 28 U.S.C. §636(c) had been entered and no consent was required for a referral under 28 U.S.C. §636(b), which was the procedure done in this case. After overruling Lowe's objections, the district court revoked his *in forma pauperis* status and dismissed the lawsuit.

Lowe filed a motion for reconsideration on February 13, 2012. In his motion, he again argued that he did not consent to the Magistrate Judge, that Harrald was not dismissed as frivolous, and that the court should have granted his motion for default judgment. The Magistrate Judge issued a Report recommending that the motion for reconsideration be denied, and Lowe has filed objections to this Report.

In his objections, Lowe says first that "the record clearly reflects that the United States District Court Judge Leonard Davis made the referral under 28 U.S.C. §636(c)." He cites a entry on the docket stating that the Magistrate Judge was available to conduct proceedings, and that a consent form was mailed to Lowe. However, this entry, and the consent form, merely state that the option to consent is available, not that it was exercised or that a referral was made. Had the parties properly consented to have the Magistrate Judge enter final judgment, which they did not, there would be no Reports and Recommendations from the Magistrate Judge in this case. Lowe's contention on this point is without merit.

Next, Lowe says that at the evidentiary hearing, he invoked his right to withhold consent, and that the Magistrate Judge granted this. As noted above, Lowe did not consent, and the case was not assigned to the Magistrate Judge under 28 U.S.C. §636(c). The consent of the parties is not required for a referral to the Magistrate Judge under 28 U.S.C. §636(b), and so Lowe could not validly withhold consent to the Section 636(b) referral, which is all that has been done in this case. His contention on this point is without merit.

Finally, Lowe argues that it was within the discretion of the district court in Harrald to stay the outcome of that case or to dismiss it with or without prejudice, and the court elected to dismiss the case without prejudice. He says that "the courts of appeals have held consistently to be a principle the holding of the original district court judgment," citing First City National Bank and Trust Co. v. Simmons, 878 F.2d 76, 80 (2nd Cir. 1989).

The First City case concerns a choice-of-forums question where lawsuits were filed over the same subject matter in Oklahoma and New York. The Second Circuit held that "there are no facts or circumstances in this case which compel departure from the well-settled principle favoring the forum wherein a suit was first filed," and ruled that the first-filed case, which was in Oklahoma, could proceed, dismissing the later-filed suit in New York. This plainly has no bearing on Lowe's case. The Magistrate Judge correctly determined that the fact that a case was dismissed without prejudice did not prevent it from being counted as a strike; the operative fact is the finding of frivolousness, not the prejudice or lack thereof attached to the dismissal. *See* Lyle v. Anderson, 77 Fed.Appx. 734, 2003 WL 22319471 (5th Cir., October 10, 2003) (citing Patton v. Jefferson Corr. Center, 136 F.3d 458, 462-64 (5th Cir. 1998) in holding that a dismissal without prejudice counted as a strike). Lowe's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Plaintiff's motion for reconsideration, the Report of the Magistrate Judge recommending denial of this motion, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge (docket no. 48) is ADOPTED as the opinion of the District Court. It is further

4

ORDERED the Plaintiff's motion for reconsideration of the final judgment (docket no. 47) is hereby DENIED.

**So ORDERED and SIGNED this 30th day of April, 2012.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**